# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARREN TITUS DAVIS, SR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 14-CV-777-JED-PJC |
| JANET DOWLING, Warden,[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. On February 9, 2015, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies (Doc. 6). Petitioner filed a response to the motion to dismiss (Doc. 8). For the reasons discussed below, the Court finds the petition is a "mixed petition," subject to dismissal without prejudice for failure to exhaust state remedies. However, Petitioner will be afforded the opportunity to file an amended petition to omit the unexhausted claims.

### *BACKGROUND*

The record reflects that, at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2010-3576, Petitioner Darren Titus Davis, Sr., was convicted of two (2) counts of Child Sexual Abuse. On April 25, 2012, the trial judge sentenced Petitioner, in accordance with the jury's recommendations, to fifteen (15) years imprisonment (Count 1) and thirty (30) years

---

[1] Petitioner is in custody at Dick Conner Correctional Center where Janet Dowling serves as Warden. Under Rule 2(a), Rules Governing Section 2254 Cases, the proper party respondent is Janet Dowling, Warden. Therefore, Janet Dowling, Warden, shall be substituted for Carl Bear, Acting Warden, as the party respondent in this action. The Clerk shall note the substitution on the record.

imprisonment (Count 2), and ordered the sentences to be served consecutively. *See* Doc. 7-1 at 1-2. At trial, attorneys Jessica Batson and J. Brian Rayl represented Petitioner.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Richard Couch, Petitioner raised three (3) propositions of error, as follows:

Proposition 1: The trial court abused its discretion in permitting the State to introduce propensity evidence of other alleged child molestation by Appellant.

Proposition 2: Prosecutorial misconduct denied the Appellant a fair trial.

Proposition 3: The Appellant was deprived of effective assistance of counsel.

(Doc. 7-1). In an unpublished summary opinion, entered September 26, 2013, in Case No. F-2012-383, the OCCA affirmed the trial court's judgment and sentence. *See* Doc. 1 at 17. Petitioner did not seek post-conviction relief in the state courts prior to filing his federal habeas corpus petition.

On December 24, 2014, Petitioner filed his federal petition for writ of habeas corpus (Doc. 1). He identifies three (3) grounds of error. The headings for the habeas grounds of error match the headings for the propositions of error presented to the OCCA on direct appeal. Petitioner attaches to his petition the OCCA's unpublished summary opinion affirming the Judgment and Sentence of the district court, as well as two handwritten motions, a motion to dismiss and a motion for a new trial, both captioned in Tulsa County District Court, Case No. CF-2010-3576.

In response to the petition, Respondent filed the motion to dismiss, arguing that the petition should be dismissed without prejudice as a mixed petition containing both exhausted and unexhausted claims. *See* Doc. 6. Petitioner filed a response (Doc. 8) to the motion to dismiss, acknowledging that he "has not exhausted certain allegations of error " presented in Ground 3. However, Petitioner asserts that under the fundamental miscarriage of justice exception, "courts may

2

dispense with the exhaustion requirement." *Id.* at 1. Petitioner also states that he "is not attempting to raise claims" found in the two handwritten motions attached to the petition. *Id.* at n.1.

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

3

In this case, after reviewing the record, including the brief filed by Petitioner on direct appeal, the Court finds that Petitioner raises additional claims of ineffective assistance of counsel that have not been presented to the OCCA. On direct appeal, Petitioner raised one claim of ineffective assistance based on counsel's failure to object to prosecutorial misconduct. *See* Doc. 7-1 at 15-16. In his habeas petition, Petitioner expands his claim of ineffective assistance of counsel by alleging that trial counsel "failed to investigate, consult, inform, and failed to object to the prosecutor's theme and characterization of its questionable, tainted [evidence] . . . ." (Doc. 1 at 11). To the extent Petitioner's allegations that counsel "failed to investigate, consult, and inform" involve facts separate and distinct from counsel's failure to object to prosecutorial misconduct, the claims are unexhausted.[2] In addition, Petitioner uses the terms "aggregate error" and "cumulative effect" to describe the effect of the alleged errors during his trial. *Id.* at 6, 9, 11. Petitioner did not raise a claim of cumulative error on direct appeal. As a result, to the extent Petitioner raises a claim of cumulative error in this habeas action, it is unexhausted.

Therefore, in the absence of an exception to the exhaustion doctrine, the instant petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal for failure to exhaust state remedies. *Rose*, 455 U.S. 509 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief). The Court notes that, under the facts of this case and contrary to Petitioner's argument asserted in response to the motion to dismiss (Doc. 8), this Court may not dispense with or overlook the exhaustion requirement, even if Petitioner asserts that a fundamental miscarriage of justice will

---

[2]As previously stated herein, in his response to the motion to dismiss, Petitioner acknowledges that he has not presented part of his claim of ineffective assistance of counsel to the OCCA. (Doc. 8 at 1).

occur if his unexhausted claims are not considered. The Court would consider Petitioner's fundamental miscarriage of justice argument if his claims were procedurally barred because a state remedy were no longer available making it futile to return to state court. However, Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2010-3576. Therefore, the futility exception does not apply.

The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of *Lundy*, but at the same time imposing a 1-year statute of limitations on the filing of federal petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. Petitioner filed his petition for writ of habeas corpus prior to expiration of the 1-year limitations period. However, because the pendency of this federal action does not serve to toll the limitations period, *see Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition), if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claims by the § 2244(d) limitations period.[3]

---

[3]Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on December 26, 2013, or 90 days after the OCCA affirmed Petitioner's judgment and sentence on direct appeal on September 26, 2013, when the period for seeking *certiorari* review in the United States Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable

5

The Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his additional claims of ineffective assistance of counsel raised in Ground 3. *Rhines*, 544 U.S. at 276. However, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Petitioner offers no explanation for his failure to exhaust all of his claims before filing his petition. *See* Doc. 8. Furthermore, nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. For that reason, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file an amended petition to delete the unexhausted claims and to proceed with only exhausted claims. *See Rhines*, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims that were presented to the OCCA on direct appeal, he may, within thirty (30) days of the entry of this Order, file an amended petition raising only his exhausted claims and deleting his unexhausted claims. If Petitioner fails to file an amended petition within thirty (30) days of the entry of this order, the Court will enter an order

---

tolling, Petitioner's one year limitations period began to run on December 27, 2013, and his deadline for filing a timely petition for writ of habeas corpus was December 27, 2014. *See United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The petition in this case was filed December 24, 2014, or three (3) days before the deadline. However, the deadline has now passed. As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred since the one-year limitations period appears to have expired during the pendency of this action.

granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Janet Dowling, Warden, is substituted for Carl Bear, Acting Warden, as the party respondent in this action. The Clerk shall note the substitution on the record.

2. Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

3. Within thirty (30) days of the entry of this Order, or by **June 29, 2015**, Petitioner may file an amended petition containing only exhausted claims and deleting his unexhausted claims.

4. Should Petitioner file an amended petition as directed herein, Respondent's motion to dismiss will be denied as moot and this action will proceed on claims raised in the amended petition.

5. Should Petitioner fail to file an amended petition by the above-referenced deadline, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust available state remedies.

6. The Clerk is directed to send Petitioner a blank petition for writ of habeas corpus (form AO-241), marked "Amended" and identified as Case No. 14-CV-777-JED-PJC.

ORDERED THIS 28th day of May, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE