**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARREN TITUS DAVIS, SR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-777-JED-PJC** |
| | ) | **(Base File)** |
| **JANET DOWLING, Warden,** | ) | **16-CV-556-JED-PJC** |
| | ) | |
| **Respondent.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is the amended petition for writ of habeas corpus (Doc. 10) filed by Petitioner, a state inmate appearing pro se. Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2010-3576. Respondent filed a response (Doc. 12), and provided the state court records necessary for adjudication of Petitioner's claims (Docs. 12, 13). Petitioner filed a reply (Doc. 14). On August 23, 2016, Petitioner commenced a new habeas corpus action by filing a second petition in Case No. 16-CV-556-JED-PJC. In his second petition, Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2010-3576. By Order filed August 26, 2016 (Doc. 15), the Court determined that Petitioner could have raised his claims in a single habeas corpus action and consolidated the two habeas corpus actions. The second petition has now been filed of record in this case. *See* Doc. 18. For the reasons discussed below, the amended petition for writ of habeas corpus is denied. In addition, Petitioner's request to amend his petition to add the claim raised in the second petition is denied because the new claim is time barred.

**BACKGROUND**

In February 2010, T.C., the fourteen-year-old stepdaughter of Petitioner Darren Titus Davis, Sr., claimed that Petitioner had sexually abused her at their apartment located in Tulsa, Oklahoma. During the incidents of abuse, T.C.'s younger brothers, ages 8 and 9, were present. Specifically, T.C. alleged that between Thanksgiving and Christmas, 2009, Petitioner rubbed his penis on her. During this incident, Petitioner held T.C. down while he and T.C.'s younger brothers tickled T.C. On a separate occasion in the same time frame, T.C. claimed that Petitioner unbuttoned her pants, put his hand down her pants, and inserted his finger in her vagina. During this second incident, the younger brothers were sitting on the floor of their mother's bedroom playing a PlayStation III video game while on the bed in the same bedroom, Petitioner sexually abused T.C.

Following an investigation, Petitioner was charged with two (2) counts of Child Sexual Abuse in Tulsa County District Court, Case No. CF-2010-3576. Petitioner proceeded to be tried by a jury. At the conclusion of trial, held February 28 and 29, 2012, the jury found Petitioner guilty as charged. On April 25, 2012, the trial judge sentenced Petitioner, in accordance with the jury's recommendations, to fifteen (15) years imprisonment (Count 1) and thirty (30) years imprisonment (Count 2), and ordered the sentences to be served consecutively. *See* Doc. 13-5 at 3. At trial, attorneys Jessica Battson and J. Brian Rayl represented Petitioner.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Richard Couch, Petitioner raised three (3) propositions of error, as follows:

Proposition 1:     The trial court abused its discretion in permitting the State to introduce propensity evidence of other alleged child molestation by Appellant.

Proposition 2:     Prosecutorial misconduct denied the Appellant a fair trial.

Proposition 3: The Appellant was deprived of effective assistance of counsel. (Doc. 12-1). In an unpublished summary opinion, entered September 26, 2013, in Case No. F-2012-383, the OCCA affirmed the trial court's judgment and sentence. *See* Doc. 12-3. Petitioner did not seek post-conviction relief in the state courts prior to filing his federal habeas corpus petition.

On December 24, 2014, Petitioner filed his original petition for writ of habeas corpus (Doc. 1). He identified three (3) grounds of error. The headings for the habeas grounds of error matched the headings for the propositions of error presented to the OCCA on direct appeal. Petitioner attached to his petition the OCCA's unpublished summary opinion affirming the Judgment and Sentence of the district court, as well as two handwritten motions, a motion to dismiss and a motion for a new trial, both captioned in Tulsa County District Court, Case No. CF-2010-3576.

In response to the original petition, Respondent filed a motion to dismiss, arguing that the petition should be dismissed without prejudice as a "mixed petition" containing both exhausted and unexhausted claims. *See* Doc. 6. In an Opinion and Order filed May 28, 2015 (Doc. 9), the Court determined that the original petition was a "mixed petition." *Id.* at 4. Petitioner was afforded the opportunity to file an amended petition to delete the unexhausted claims as identified by the Court. *Id.* at 6. The Court specifically advised Petitioner that the one-year statute of limitations applicable to habeas petitions had expired on December 27, 2014. *Id.* at 5-6 n.3.

On June 25, 2015, Petitioner filed his amended petition (Doc. 10). In response to the amended petition, Respondent asserts that, while Petitioner had deleted one of his unexhausted claims, Petitioner's claim of ineffective assistance of counsel continues to include unexhausted claims. *See* Doc. 12 at 18-19. Respondent also informed the Court that Petitioner had filed an application for post-conviction relief in the state district court and that the application remained

pending. *Id.* at 1 ¶ 3. On August 10, 2015, Petitioner filed a reply to the response (Doc. 24), but fails to acknowledge Respondent's argument that part of his claim of ineffective assistance remains unexhausted.

On August 23, 2016, more than one year after filing his reply in this case, Petitioner filed a second petition for writ of habeas corpus in N.D. Okla. Case No. 16-CV-556-JED-PJC. By Order filed August 26, 2016 (Doc. 15), the two pending habeas cases were consolidated and a copy of the second petition has now been filed of record in this case, *see* Doc. 18. In his second petition, Petitioner raises one claim:

> Ground 1: The state court's rejection of the petitioner's claim that he was denied the effective assistance of appellate counsel, was contrary to, or an unreasonable application of, clearly established federal law.

*Id.* Recognizing the applicability of the one-year limitations period, Petitioner asserts the following argument:

> Petitioner's trial counsel did not investigate and pursue evidence that would have proven that he was actually innocent of the crimes. This evidence was the victim's two (2) brothers, and it would have shown that no crime was committed. Therefore, the one-year statute of limitations is overcome. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (20__).

*Id.* at 6.

### *ANALYSIS*

#### A.     Exhaustion/Evidentiary hearing

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). *Rose v. Lundy*, 455 U.S. 509, 510 (1982). With the exception of the part of his ineffective assistance of trial counsel claim alleging that counsel failed to "investigate, consult, inform" with regard to a witness's testimony, Petitioner presented the claims

raised in the amended petition to the OCCA on direct appeal. As stated above, Petitioner does not acknowledge Respondent's position that a portion of his claim is unexhausted. However, because Petitioner has now utilized post-conviction relief procedures to exhaust his claim of ineffective assistance of appellate counsel and failed to raise his unexhausted claim of ineffective assistance of trial counsel, the Court finds an absence of available State corrective process, *see* 28 U.S.C. § 2254(b)(1)(B), and the claim is not barred by the exhaustion requirement. Nonetheless, as discussed in Part C, below, habeas corpus relief on the unexhausted claim is denied based on an anticipatory procedural bar. The claim of ineffective assistance of appellate counsel raised in the second petition was presented to the OCCA on post-conviction appeal and is exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 184-85 (2011); *Williams v. Taylor*, 529 U.S. 420 (2000).

**B.     New claim of ineffective assistance of appellate counsel is time barred**

In his second petition, Petitioner alleges that "his appellate counsel was ineffective for failing to raise the claim of ineffective assistance of trial counsel for trial counsel's failure to use the victim's two brothers' testimony at trial to impeach the victim on the central issue of Petitioner's guilt." (Doc. 18). Because Petitioner does not raise an ineffective assistance of appellate counsel claim in his amended petition for writ of habeas corpus, the Court shall determine whether Petitioner should be allowed to again amend his petition to raise the new claim of ineffective assistance of appellate counsel.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. The enactment of AEDPA in 1996 "dramatically altered the landscape for federal

habeas corpus petitions" by preserving the "total exhaustion" requirement of *Lundy*, 455 U.S. at 510, but at the same time imposing a 1-year statute of limitations on the filing of federal petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). While Petitioner timely filed his original habeas petition, he did not file his second petition until August 23, 2016, or almost twenty (20) months past the 1-year statute of limitations deadline.[1] Therefore, unless Petitioner is entitled to equitable tolling of the limitations period or the claim of ineffective assistance of appellate counsel claim raised in the second petition relates back to the original petition, the claim is untimely.

Petitioner has not demonstrated he is entitled to equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due

---

[1]Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on December 26, 2013, or 90 days after the OCCA affirmed Petitioner's judgment and sentence on direct appeal on September 26, 2013, when the period for seeking *certiorari* review in the United States Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on December 27, 2013, and his deadline for filing a timely petition for writ of habeas corpus was December 27, 2014. *See United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The petition in this case was filed December 24, 2014, or three (3) days before the deadline. However, the pendency of this federal habeas case does not toll the one year period, *Duncan v. Walker*, 533 U.S. 167 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of AEDPA), and the deadline has now passed. Petitioner did not file his application for post-conviction relief in Tulsa County District Court, Case No. CF-2010-3576, until May 4, 2015, *see* www.oscn.net/dockets/, or after the habeas deadline. As a result, pendency of the state post-conviction proceeding did not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Clark v. Oklahoma*, 468 F.3d 711, 712 (10th Cir. 2006).

diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted). Significantly, equitable tolling applies only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

In his second petition, Petitioner claims that he is actually innocent of the crimes of which he was convicted. *See* Doc. 18 at 6. A claim of actual innocence may in fact overcome the bar resulting from the one-year statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). The Tenth Circuit has "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez*, 628 F.3d at 1231 (internal quotation marks omitted). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

To take advantage of the "actual innocence" gateway, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324. Moreover, this new evidence must be sufficient to "show that it is more likely than not that

no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 536-37 (2006).

Petitioner claims that the victim's younger brothers could have been, but were not, called to testify that no crime had been committed. *See* Doc. 18 at 6. However, that evidence was available at the time of trial and cannot be characterized as new. Petitioner presents no new reliable evidence that was not presented at trial. Petitioner's argument is speculative and is insufficient to overcome the statute of limitations bar. *See Bousley*, 523 U.S. at 623-24.

Because Petitioner's second petition is untimely under the AEDPA, Petitioner will not be allowed to amend unless the claim raised in the second petition relates back to the date of the original petition, *see* Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000); *see also Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing *Espinoza-Saenz*, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"). While an amendment can relate back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), with respect to amendment of habeas petitions, the Supreme Court has determined that "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type

from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). That the grounds for relief are related to the petitioner's trial and conviction is, by itself, insufficient. *Id.* Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

Upon review of the original petition and the second petition, the Court finds that Petitioner's claim of ineffective assistance of appellate counsel does not relate back to the original petition. Petitioner's claim is a new claim and serves to insert a new theory into the case. For that reason, the claim does not relate back to the original petition and is time-barred. Petitioner shall not be allowed to amend to add the new claim of ineffective assistance of appellate counsel raised in the second petition.

**C.    Claims adjudicated by the OCCA**

As stated above, the AEDPA provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 101-03 (2011); *Williams v. Taylor*, 529 U.S. 362, 402 (2000); *Neill v. Gibson*, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable

application by the state courts is "not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citing *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103); *see also Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013).

In this case, with the exception of a portion of the ineffective assistance of trial counsel claim raised in Ground 3, the OCCA adjudicated the claims raised by Petitioner in his amended petition on the merits on direct appeal. Therefore, the Court will review those claims under the standards of § 2254(d).

## 1.    Improper admission of "propensity" evidence (Ground 1)

In Ground 1, Petitioner argues the trial court improperly admitted the testimony of Brenda Caldwell that Petitioner had raped her twenty-five (25) years before Petitioner's trial in Case No. CF-2010-3576. *See* Doc. 10 at 5-6. Petitioner argues that the evidence lacked probative value and that Caldwell had never reported the rape until after she became aware of the crimes charged against Petitioner in 2010. *Id.* at 6. Petitioner raised this claim on direct appeal. However, the OCCA denied relief, finding as follows:

> [w]e find in Proposition I that the trial court did not abuse its discretion in allowing the State to introduce Brenda Caldwell's testimony regarding propensity evidence of an uncharged child molestation incident by Davis. *Johnson v. State*, 2010 OK CR 28, ¶ 16, 250 P.3d 901, 905 . . . . The State may admit evidence that a defendant molested other children, where its probative value is not substantially outweighed by the danger of unfair prejudice. *James v. State*, 2009 OK CR 8, ¶ 7, 204 P.3d 793, 796; 12 O.S.2011, § 2414(A). In deciding whether such evidence is admissible, the trial court should consider factors including (a) whether there is clear proof of the prior act (which may be proved by testimony alone, and rests on that victim's credibility); (b) the probative value of the evidence to the material fact at

issue; (c) how seriously the material fact is disputed, and (d) whether there is less prejudicial evidence for the fact at issue. *Horn v. State*, 2009 OK CR 7, ¶ 40, 204 P.3d 777, 786 . . . . A thorough review of the record shows that the *Horn* factors are satisfied and the probative value of Caldwell's testimony was not substantially outweighed by the danger of unfair prejudice. The record supports the trial court's conclusion that Caldwell's testimony was admissible. *Johnson*, 2010 OK CR 28, ¶ 13, 250 P.3d at 905. Caldwell's testimony took relatively little time, the jury was properly instructed on the use of this evidence, and the prosecutor did not unduly emphasize it in closing to mislead or confuse jurors. *Id.*

(Doc. 12-3 at 2-3).

In child molestation cases, Oklahoma law permits the State to admit evidence that the defendant had previously committed another offense or offenses of child molestation. Okla. Stat. tit. 12, § 2414(A). The statute's scope includes evidence of a prior rape of a child. *Id.* at § 2414(D)(1). Before admitting the evidence, the trial court must conduct a balancing test similar to the Federal Rule of Evidence 403 balancing test. *Horn v. State*, 204 P.3d 777, 786 (Okla. Crim. App. 2009).

Petitioner's claim focuses on the state courts' application of state law in admitting the testimony of Brenda Caldwell. Claims raising issues of state law are generally outside the province of a federal habeas court. *See Williamson v. Parker*, --- F. App'x ---, 2017 WL 2986898, *2 (10th Cir. July 13, 2017) (unpublished)[2]; *Ochoa v. Workman*, 669 F.3d 1130, 1144 (10th Cir. 2012) ("Federal habeas review is not available to correct state law evidentiary errors."); *Romano v. Gibson*, 239 F.3d 1156, 1166 (10th Cir. 2001). A habeas petitioner must show that the prejudice flowing from the admission of propensity evidence was so great as to constitute a denial of federal constitutional rights by rendering the trial fundamentally unfair. *Ochoa*, 669 F.3d at 1144; *Tucker*

---

[2]This unpublished opinion is not precedential but is cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

*v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989) ("[S]tate court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." (internal quotations and citations omitted)); *Warner v. Workman*, 814 F. Supp. 2d 1188, 1223 (W.D. Okla. 2011) (same).

Contrary to Petitioner's claim, Caldwell's testimony was highly probative. Petitioner testified at trial and denied that he had sexually molested his teenaged stepdaughters, J.G.[3] and T.C., *see* Doc. 13-4, Tr. Vol. II at 313. Petitioner claimed that J.G. and T.C. fabricated their allegations of sexual abuse to escape from Petitioner's efforts to control their behavior, *id.* at 298. Caldwell testified that when she was 15 or 16 years old, Petitioner raped her at the home of Petitioner's sister where Caldwell was babysitting, *id.* at 272, 276. Unlike J.G. and T.C., Caldwell was not part of Petitioner's household and Petitioner could not claim that Caldwell was motivated to fabricate her rape allegation by a desire to escape Petitioner's control. Caldwell was babysitting with no other adult present at the time of the rape. *Id.* As a result, Petitioner had access to Caldwell, a young teenager, when no other adult was present, just as Petitioner had access to his young, teenaged stepdaughters when no other adult was present. The jury heard Caldwell admit that she had a "bogus check case" resulting in a misdemeanor conviction. *Id.* at 282. On cross-examination, Caldwell also admitted that, although the rape happened 20-25 years earlier, she had never told any

---

[3]J.G., Petitioner's older stepdaughter, testified that, in 2005, when she was 14 years old, Petitioner began sexually abusing her by putting his hand down her pants and rubbing her vagina. *See* Doc. 13-4, Tr. Vol. II at 246-250. J.G. further testified that Petitioner abused her several times and in different locations, including in Petitioner's truck and at the home of Petitioner's mother, known to J.G. and T.C. as "Grandma Ruby." *Id.* at 251. Rather than file charges against Petitioner, the family sent J.G. to Omaha, Nebraska, to get her away from Petitioner. *Id.* at 255, 257. J.G. lived in Omaha with her biological father for five years before returning to Oklahoma to help her younger sister, T.C. *Id.* at 256.

police officer or investigator about the incident. *Id.* at 286. Further, the jury heard Petitioner testify

in his own defense and deny having raped Caldwell. *Id.* at 313. Finally, the trial judge instructed

the jurors that:

> [e]vidence has been received that the defendant has allegedly committed offenses other than that charged in the information. You may not consider this evidence as proof of the guilt or innocence of the defendant of the specific offense charged in the information. This evidence has been received solely on the issue of the defendant's alleged motive or intent or common scheme or plan. This evidence is to be considered by you only for the limited purpose for which it was received.

(Doc. 13-7, O.R. Vol. II at 213 (Instruction No. 16)). "A jury is presumed to follow its instructions."

*United States v. Berry*, 717 F.3d 823, 832 (10th Cir. 2013).

Under these facts, the evidence was not so prejudicial as to render Petitioner's trial

fundamentally unfair. *See United States v. Benally*, 500 F.3d 1085, 1093 (10th Cir. 2007) (holding

an instruction to the jury mitigates the prejudicial effect of propensity evidence); *United States v.*

*Enjady*, 134 F.3d 1427, 1434 (10th Cir. 1998) (finding propensity evidence was not unfairly

prejudicial in light of attorney's ability to cross-examine witness and the trial court's jury

instruction). Petitioner fails to show that the probative value of Caldwell's testimony was

substantially outweighed by its prejudicial effect in violation of Petitioner's federal constitutional

right to a fundamentally fair trial. *Tucker*, 883 F.2d at 881. Petitioner has not shown that the

OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly

established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Hence,

Petitioner is not entitled to habeas corpus relief on Ground 1.

## 2. Prosecutorial misconduct (Ground 2)

As his second ground of error, Petitioner claims that, during closing argument, the prosecutor improperly gave her opinion of Petitioner's character and made disparaging remarks about Petitioner resulting in an unfair trial. *See* Doc. 10 at 8. On direct appeal, Petitioner claimed that the prosecutor improperly and unfairly emphasized the propensity evidence and referred to Petitioner as a "monster in those girls' lives." *See* Doc. 12-1 at 14. The OCCA reviewed for plain error and found as follows:

> [b]oth parties have wide latitude to argue and draw inference from the evidence, and we will not grant relief unless improper argument prejudices a defendant and denies him a fair trial. *Goode v. State*, 2010 OK CR 10, ¶ 74, 236 P.3d 671, 685. Davis first claims the prosecutor erred in using Caldwell's propensity evidence in argument. We found in Proposition I that the evidence was properly admitted. The prosecutor did not use it in argument for an improper purpose, but to argue that Davis had preyed on vulnerable girls for years. This was a reasonable inference from the evidence. Davis also complains that the prosecutor called him "the monster in these girls' lives" and asked jurors to sentence Davis to life in prison. We have disapproved of this kind of name-calling. *Malicoat v. State*, 2000 OK CR 1, ¶ 32, 992 P.2d 383, 401. However, the record shows that this was an isolated statement and did not affect the trial's outcome. It does not rise to the level of plain error. *Browning v. State*, 2006 OK CR 8, ¶ 38, 134 P.3d 816, 839-40; *Malicoat*, 2000 OK CR 1, ¶ 32, 992 P.2d at 401.

(Doc. 12-3 at 3-4).

Prosecutorial misconduct, if it occurs, can "create constitutional error in one of two ways." *Matthews v. Workman*, 577 F.3d 1175, 1186 (10th Cir. 2009). "First, prosecutorial misconduct can prejudice 'a specific right, such as the privilege against compulsory self-incrimination, as to amount to a denial of that right.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). When this occurs, a petitioner need not show that his entire trial was rendered fundamentally unfair. *See Dodd v. Trammell*, 753 F.3d 971, 990 (10th Cir. 2013). "Second, even if the prosecutor's improper remarks do not impact a specific constitutional right, they may still create reversible error

if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Matthews*, 577 F.3d at 1186 (quoting *Donnelly*, 416 U.S. at 643).

In this case, the record reflects that defense counsel did not object to the prosecutor's remarks. As a result the OCCA reviewed for plain error. Oklahoma defines plain error as "an error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense," *Simpson v. State*, 876 P.2d 690, 698 (Okla. Crim. App. 1994), and "impinges on the fundamental fairness of trial." *Cleary v. State*, 942 P.2d 736, 753 (Okla. Crim. App. 1997). "Oklahoma's formulation of the plain-error standard is virtually identical to the constitutional test for due process." *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015); *Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005) (finding "no practical distinction between the formulations of plain error . . . and the federal due-process test, which requires reversal when error so infused the trial with unfairness as to deny due process of law" (citation and internal quotation marks omitted)). When the OCCA rejects a claim "under the plain-error standard, the decision effectively disallow[s] the possibility of a due process violation." *Hancock*, 798 F.3d at 1011.

The prosecutor commented several times that Petitioner preyed on young vulnerable girls. While Petitioner complains that those comments were unfair comments of his character, the comments were fair inferences from the evidence presented at trial and were not improper. In addition, the prosecutor's description of Petitioner as a "monster" may have been improper, but it was an isolated comment and, in light of the evidence presented at trial, did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. Petitioner has not shown that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of,

clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

Petitioner is not entitled to habeas corpus relief on Ground 2.

### 3.    Ineffective assistance of trial counsel (Ground 3)

As his third ground of error, Petitioner alleges that trial counsel provided ineffective

assistance of counsel in failing to "investigate, consult, inform and object to the prosecutor's theme

of Brenda Caldwell's testimony during the trial and also in closing arguments which led to an

improperly based jury verdict." *See* Doc. 10 at 9. To the extent Petitioner's allegations that counsel

"failed to investigate, consult, and inform" involve facts separate and distinct from counsel's failure

to object to prosecutorial misconduct, the claims are unexhausted and are discussed in part D, below.

Petitioner raised his claim of ineffective assistance of trial counsel for failing to object to the

prosecutor's comments during closing argument on direct appeal. The OCCA denied relief, finding

as follows:

> Davis must show that counsel's performance was deficient and that he was
> prejudiced by counsel's deficient performance. *Wiley v. State*, 2008 OK CR 30, ¶
> 4, 199 P.3d 877, 878; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052,
> 2064, 80 L. Ed. 2d 674 (1984). He must show counsel's acts or omissions were so
> serious that he was deprived of a fair trial with reliable results. *Harrington v.
> Richter*, 131 S. Ct. 770, 787-88, 178 L. Ed. 2d 624 (2011). We review counsel's
> performance against an objective standard of reasonableness under prevailing
> professional norms, and we will not second-guess strategic decisions. *Harris v.
> State*, 2007 OK CR 28, ¶ 39, 164 P.3d 1103, 1118; *Rompilla v. Beard*, 545 U.S. 374,
> 380-81, 125 S. Ct. 2456, 2462, 162 L. Ed. 2d 360 (2005). For the Court to reach
> Davis' claims of deficient performance, he must show he was prejudiced by
> counsel's acts or omissions. *Williams v. Taylor*, 529 U.S. 362, 394, 120 S. Ct. 1495,
> 1513, 146 L. Ed. 2d 389 (2000); *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. We
> found in Proposition I that Caldwell's statements were properly admitted. We found
> in Proposition II that the prosecutor did not improperly use Caldwell's testimony in
> argument, and that the isolated reference to Davis as a monster had no effect on the
> outcome of the trial. As there was no prejudice from the prosecutor's closing
> argument, defense counsel was not ineffective for failing to object to it.

(Doc. 12-3 at 4).

Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel unless he demonstrates that the OCCA's adjudication was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland*, 466 U.S. at 687; *Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002); *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700. Thus, it is not always necessary to address both *Strickland* prongs. This Court's review of the OCCA's decision on ineffective assistance of counsel

claims is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under *Strickland* and through the "deferential" lens of § 2254(d)).

Petitioner bears the burden of demonstrating that the OCCA unreasonably applied *Strickland*. After careful review of the record, the Court finds Petitioner has failed to make the necessary showing. As determined by the OCCA, the propensity evidence presented through the testimony of Brenda Caldwell was properly admitted at trial and the prosecutor did not improperly use the testimony in closing argument. Thus, Petitioner cannot demonstrate that, had counsel objected to the prosecutor's statements during closing argument, the result of his trial would have been different. Petitioner has not shown that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on Ground 3.

**D.      Procedural bar**

As part of Ground 3, Petitioner alleges that trial counsel provided ineffective assistance in failing to "investigate, consult, inform" as to the prosecution's use of Brenda Caldwell's testimony during trial and closing argument. Although Petitioner claimed on direct appeal that trial counsel provided ineffective assistance in failing to object to Caldwell's testimony and to the prosecutor's comments concerning Caldwell's testimony during closing argument, Petitioner has never presented a claim to the state courts that trial counsel failed to "investigate, consult, inform" with regard to Caldwell's testimony. Because the OCCA would impose a procedural bar on these claims if Petitioner were to return to state court to file a second application for post-conviction relief, the claim is subject to an anticipatory procedural bar.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991); *see also Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995); *Gilbert v. Scott*, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." *Maes*, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." *Id.* (internal quotation marks and citation omitted).

Here, the Court finds that the unexhausted portion of Ground 3 is procedurally barred. Petitioner has defaulted the claim twice: first when he failed to raised it on direct appeal, and again when he failed to raise it on post-conviction appeal. If Petitioner were to present the claim in a second application for post-conviction relief, the OCCA would undoubtedly impose a procedural bar based on Petitioner's failure to raise the claim in a prior proceeding as required under Okla. Stat. tit. 22, § 1086. The OCCA's reliance on Okla. Stat. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief." *See Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002). Therefore, the unexhausted portion of Ground 3 is procedurally barred.

This Court may not consider the defaulted claim unless Petitioner is able to show "cause and prejudice" for the procedural default or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. *See Coleman*, 501 U.S. at 750; *Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective

factor external to the defense impeded . . . efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* As for prejudice, a petitioner must show "actual prejudice resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Petitioner fails to acknowledge his procedural default and offers no explanation for failing to raise the defaulted claims in state court. As a result, Petitioner fails to demonstrate "cause and prejudice" sufficient to overcome the procedural bar.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. *Herrera v. Collins*, 506 U.S. 390, 403-404 (1993); *Sawyer v. Whitley*, 505 U.S. 333, 339-341 (1992); *see also Schlup v. Delo*, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (citing *Herrera*, 506 U.S. at 404). Under *Schlup*, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." *Schlup*, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

As discussed above, Petitioner claims in his second petition (Doc. 18) that he is actually innocent of the crimes of which he was convicted. However, Petitioner provides no "new evidence" in support of his claim. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

**E.      Certificate of appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. *Dockins v. Hines*, 374 F.3d 935 (10th Cir. 2004). Furthermore, nothing suggests that the claims denied on the merits deserve further proceedings. As to the claims denied on a procedural

ground, nothing suggests that the correctness of the Court's procedural rulings is debatable. A certificate of appealability shall be denied.

### CONCLUSION

After careful review of the record, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The amended petition for writ of habeas corpus (Doc. 10) is **denied**.

2. Petitioner's second petition for writ of habeas corpus (Doc. 18), adjudicated as a motion to amend, is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

ORDERED THIS 18th day of September, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE